UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Jeffrey S. Haar,                                         Case No. 3:18-cv-1188

          Plaintiff

      v.                                                      MEMORANDUM OPINION
                                                                 AND ORDER

Norfolk Southern Railway Company,

          Defendant


## I.    INTRODUCTION

Plaintiff Jeffery S. Haar moves for leave to amend his complaint. (Doc. No. 26). Defendant Norfolk Southern Railway Company filed a memorandum in opposition to the amendment, (Doc. No. 31), to which Plaintiff replied, (Doc. No. 32).

## II.    BACKGROUND

At all times relevant, Plaintiff Jeffery S. Haar was employed at Defendant Norfolk Southern Railway Company ("NSR") as a track foreman. On or about August 14, 2017, while inspecting a stretch of track after recent repairs near mile post 286 in Toledo, Ohio, Haar slipped and fell, resulting in injuries. In the original complaint, Haar alleged that he believed the cause of his fall to be oil residue leaking from a locomotive owned by NSR. Later, in the course of discovery, it was verified that an NSR locomotive leaked oil onto the area where Haar slipped and fell while in service on NSR's tracks. After receiving confirmation of his previous belief, Haar now seeks leave to amend his complaint, adding a claim of negligence *per se* under the Federal Employer Liability Act

("FELA"), 45 U.S.C. § 51, for violations of the Locomotive Inspection Act ("LIA"), 49 U.S.C. § 20701, and its regulations.

### III. STANDARD

After the period to amend the pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989). "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993) ("[W]here a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment"). To survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint also will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). While the court must accept all factual allegations contained in the complaint as true, it need not give the same deference to legal conclusions. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

"The Federal Employers' Liability Act provides the exclusive right of action to 'any person,' such as [Haar], 'suffering injury while he is employed by an interstate railroad,' such as [NSR]." *Edwards v. CSX Transp. Inc.*, 821 F.3d 758, 760 (6th Cir. 2016) (quoting 45 U.S.C. § 51) (original brackets omitted). Claims under the FELA take two forms: negligence and negligence *per se*. *Id.* at 760. Haar asserted a claim of negligence in the original complaint and now seeks to amend the complaint to add a claim of negligence *per se*, alleging NSR violated the LIA and its regulations. (*Compare* Doc. No. 1 *with* Doc. No. 26-1).

The LIA, formerly known as the Boiler Inspection Act,[1] "impos[es] on interstate railroads 'an absolute and continuing duty' to provide safe equipment." *Urie v. Thompson*, 337 U.S. 163, 188 (1949) (quoting *Lilly v. Grand Trunk W. R.R. Co.*, 317 U.S. 481, 485 (1943) (further citation omitted). "A railroad can violate the LIA by either: 1) failing to comply with regulations issued by the Federal Railroad Administration [FRA], *or* 2) breaching the broad duty to keep its locomotives' parts and appurtenances in proper condition and safe to operate without unnecessary danger of personal injury." *Munns v. CSX Transp., Inc.*, 579 F. Supp. 2d 924, 932 (N.D. Ohio 2008) (citations omitted) (brackets in original) (emphasis added).

---

[1] The Boiler Inspection Act ("BIA") was passed in 1911 and expanded in 1915 to apply not only to the boiler and its appurtenances, but "the entire locomotive and tender and all parts and appurtenances thereof." *Kurns v. R.R. Friction Prods. Corp.*, 565 U.S. 625, 629 (2012) (quoting Act of Mar. 4, 1915, ch. 169, § 1, 38 Stat. 1192). On expansion, the BIA "became commonly known as the Locomotive Inspection Act." *Id.* Because the LIA was merely an expansion of the BIA, case law interpreting the BIA in frequently used when analyzing the LIA. *See, e.g., Munns v. CSX Transp., Inc.*, 579 F.Supp.2d 924, 929 (N.D. Ohio 2008) (citing a case discussing the BIA in support of the statement: "The LIA and FELA should be read together as companion statutes.").

Here, Haar asserts NSR not only violated "[f]ederal regulations regarding locomotive safety and maintenance, including but not limited to 49 C.F.R. § 229.45," but also breached its broader duty under the LIA.[2] (Doc. No. 26-1 at 6-7).

Without acknowledging the broader duty, NSR addresses only the alleged violation of 49 C.F.R. § 229.45. (Doc. No. 31). In full, the regulation states:

> All systems and components on a locomotive shall be free of conditions that endanger the safety of the crew, locomotive or train. These conditions include: insecure attachment of components, including third rail shoes or beams, traction motors and motor gear cases, and fuel tanks; fuel, oil, water, steam, and other leaks and accumulations of oil on electrical equipment that create a personal injury hazard; improper functioning of components, including slack adjusters, pantograph operating cylinders, circuit breakers, contactors, relays, switches, and fuses; and cracks, breaks, excessive wear and other structural infirmities of components, including quill drives, axles, gears, pinions, pantograph shoes and horns, third rail beams, traction motor gear cases, and fuel tanks.

49 C.F.R § 229.45. NSR urges me to conclude that, because the regulation concerns the "safety of the crew, locomotive or train," Haar cannot assert a violation of the regulation since "[h]e was not a member of the train crew and not injured on the locomotive." (Doc. No. 31 at 4). But, such an interpretation would contravene the Court's command that the LIA "be liberally construed in the light of its prime purpose, the protection of employees and others by requiring the use of safe equipment." *Lilly*, 317 U.S. at 385-86.

Rather than adopting NSR's interpretation, I read the regulation to require "[a]ll systems and components on a locomotive…be free of conditions…includ[ing]…oil…leaks… that create a personal injury hazard," in any location. In this case, Haar alleges NSR failed to comply with 49 C.F.R. § 229.45 and breached its broader duty under the LIA by using a locomotive that was leaking

---

[2] In order for the LIA to apply, Haar must show not only that "the condition of the locomotive created an unnecessary danger of personal injury," but also that the locomotive was "in use" and "on [NSR's] railroad" at the time of the injury. *See Munns*, 579 F. Supp. 3d at 932. Haar stated both of these facts in the proposed amended complaint. (Doc. No. 26-1 at 7). Taking these facts as true, Haar has satisfied his burden with respect to these two elements at this stage in the litigation. NSR does not contend otherwise.

oil, creating a personal injury hazard on the ground near its tracks. (Doc. No. 26-1 at 6-7). Taking these facts as true, I conclude Haar has plausibly stated a violation of the LIA, "negligence *per se* under the FELA." *See Szekeres v. CSX Transp., Inc.*, 617 F.3d 424, 427 (6th Cir. 2010).

Since causation and damages with respect to this claim are not in dispute at this time, Haar has alleged sufficient facts to state a negligence *per se* claim under the FELA for NSR's alleged violation of the LIA and its regulations. Therefore, because this claim would survive a motion to dismiss, the amendment is not futile. In turn, since NSR objects only to the futility of the amendment, no reason remains to deny Haar leave to amend the complaint, as proposed.

## V. CONCLUSION

For the foregoing reasons, Haar's motion for leave to amend his complaint is granted.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge